# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FRED MITCHELL, )
 )
 Plaintiff, )
 )
vs. ) Case No. 13-1360-RDR-KGG
 )
DESERET HEALTH CARE )
FACILITY, VIA CHRISTI )
HOSPITALS WICHITA, INC._, et al.,_ )
 )
 Defendant. )
 )

## ORDER ON IFP STATUS and
## REPORT & RECOMMENDATION FOR DISMISSAL

Plaintiff Fred Mitchell has filed a federal court Complaint alleging medical malpractice resulting in the death of his brother. In conjunction with his Complaint, Plaintiff filed an Application for Leave to File Action Without Prepayment of Fee, Costs, or Security (*IFP* Application, Doc. 3, sealed), including an Affidavit of Financial Status. Having reviewed Plaintiff's motion, as well as his financial affidavit and Complaint, the Court is prepared to rule.

**I.** **Motion to Proceed** ***In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 55 years old and single with no dependants. (Doc. 3, sealed, at 2-3.) Plaintiff is currently unemployed and lists no previous employment. (*Id.*, at 3-4.) He lists no unemployment benefits or any other form of income or government assistance in the past twelve months. (*Id.*, at 3-5.) He does not own real property, but does own a vehicle with a small amount of stated value. (*Id.*, at 4-5.) He enumerates the typical monthly expenses, including rent, certain utilities, telephone, and gas. (*Id.*, at 6.) He indicates has not filed for bankruptcy. (*Id.*, at 7.)

Considering all of the information contained in the financial affidavit, the Court has concerns as to how Plaintiff is able to meet his monthly expenditures with no stated income or government assistance. Given the Court's recommendation of dismissal, however, the Court will not require Plaintiff to provide additional explanation of his financial situation. The undersigned Magistrate Judge **GRANTS** Plaintiff's motion for *IFP* status.

## II. Sufficiency of Complaint and R&R for Dismissal.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d),

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g., Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief

4

through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the

grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff, who lives in Wichita, is bringing the present lawsuit, alleging medical malpractice resulting in the death of his brother, against two health care facilities, both of which appear to be located in Kansas. (*See* Doc. 1.)

> To establish diversity jurisdiction under 28 U.S.C. § 1332, the Plaintiff must establish that the amount in controversy exceeds $75,000 and that complete diversity exists between the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant. See ***Wis. Dep't of Corr. v. Schacht***, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). For purposes of the diversity statute, a corporation is a citizen of both the state of its incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). And an individual is a citizen of the state of his or her domicile.

***Gearheart v. ClickSpeed Marketing, Inc***., No. 13-2160-SAC, 2013 WL 4482972, *3 (D. Kan. Aug. 20, 2013). Based on the allegations contained in Plaintiff's Complaint, there is no basis for diversity jurisdiction in the present matter.

In his form Complaint, however, Plaintiff marks the line indicating that the

case "arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)," which could establish federal question jurisdiction. (*Id*., at 4.) He also alleges a violation of federal law, citing 28 U.S.C. § 1357. (*Id*.) This statute states that

> [t]he district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State.

What is alleged in Plaintiff's Complaint, however, is merely a standard medical malpractice claim. (*See generally* Doc. 1.) The claims do not implicate civil rights, Constitutional rights, or the federal statute cited by Plaintiff. As such, Plaintiff's Complaint provides no basis for federal court jurisdiction and this Court **RECOMMENDS** that the case be **DISMISSED**.

    **IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3, sealed) be **GRANTED**.

    **IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of federal court jurisdiction.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the fourteen day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 30th day of September, 2013.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge